UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-23018-CIV-O'SULLIVAN
[CONSENT]

ANGEL R. CABALLERO, FELIX
O. BALAN and all other similarly situated,

      Plaintiffs,

v.

SUM YUM GAI, INC., CHI-KIN LI,

      Defendants.

_____/

## **ORDER**

THIS MATTER comes before the Court on the Plaintiffs' Motion for Summary Judgment (DE# 36, 9/17/09) and the Defendants' Motion for Summary Judgment and Memorandum of Law (DE# 40, 9/18/09).  Having reviewed the motions, responses, and the record as well as applicable law, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion for Summary Judgment (DE# 36, 9/17/09) is DENIED because disputed material issues of fact exist as to whether the defendant Chi-Kin Li was an employer under the Fair Labor Standards Act ("FLSA").    Additionally, disputed material issues of fact exist as to whether enterprise coverage exists and alternatively, whether the defendants had two or more employees engaged in interstate commerce.  It is further

ORDERED AND ADJUDGED that the Defendants' Motion for Summary Judgment and Memorandum of Law (DE# 40, 9/18/09) is DENIED because disputed material issues of fact  exist as to whether the plaintiffs were employees under the FLSA; whether the defendants are enterprises under the FLSA; and whether the

1

plaintiff, Angel R. Caballero, can prevail on his retaliation claim.

DISCUSSION

The determination of whether the defendant, Chi-Kin Li, was an employer under the FLSA presents a legal question for the Court.  However, where, as here, the underlying facts that must be considered in making the determination are disputed, summary judgment is not appropriate.  Section 203 of the FLSA broadly defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(d).  The Eleventh Circuit has recognized that "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."  Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986) (internal quotation marks and citations omitted).   To qualify as an employer, the officer "must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee."  Id. at 638.  In Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1162 (11th Cir. 2008), the Eleventh Circuit affirmed the district court's grant of the individual defendant's motion for judgment as a matter of law on the issue involving his individual liability.  In Perez, the Eleventh Circuit explained that "[t]here was insufficient evidence for a jury to reasonably conclude the Collins, Sr. was either involved in the day-to-day operation of the Longwood racetrack facility or was directly responsible for the supervision of employees during the relevant years."  Id.  Unlike Perez, fact questions regarding the defendant, Chi-Kin Li's role in the business exist and preclude summary judgment.

Additionally, the Court finds that sufficient facts exist in the record to allow the

2

issue of whether enterprise coverage under the FLSA exists to go to a jury.  Material issues of fact exist as to whether the defendant enterprise grossed $500,000 or more in annual revenue and had two or more workers engaged in commerce or the production of goods for commerce.  See  29 U.S.C. § 203(s); see Turcios v. Delicias Hispanas Corp., 275 Fed. Appx. 879, 883 (11th Cir. 2008) (reversing a dismissal and remanding the case where tax returns were not reconciled with the amount of employees employed at the defendant's restaurant for purposes of determining enterprise coverage).  Under the FLSA, "[a]n employer falls under the enterprise coverage section of the FLSA if it 1) 'has employees engaged in commerce or the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and 2) has at least $500,000 of 'annual gross volume of sales made or business done.'" See Polycarpe v. E&S Landscaping Service, Inc., ____ F.3d ____, 2010 WL 3398825 at * 2 (11th Cir. August 31, 2010)(quoting 29 U.S.C. §203(s)(1)(A)).  The Eleventh Circuit has previously acknowledged that the FLSA has the potential "to reach retail and service businesses that were otherwise locally focused."  Id. (citing  Dunlop v. Industrial America Corp., 516 F.2d 498, 501 (11th Cir. 1975)).

Finally, the plaintiff's retaliation claim presents facts questions that must be determined by a jury.  See Obregon v. Jep Family Enterprises, Inc., __ F. Supp. 2d __, 2010 WL 1816183 * 3 (S.D. Fla. April 8, 2010) (finding facts surrounding termination sufficient for plaintiff to survive motion for summary judgment); Cf. Wolf v. Coca-Cola Co., 200 F.3d 1337, 1343 (11th Cir. 2000) (affirming summary judgment where the plaintiff failed to show a genuine dispute of material fact).  Issues of fact remain as to

whether the adverse treatment that the plaintiff experienced after he filed his lawsuit (e.g. reduced work hours, difficulties with the chef resulting in a police report being filed, and ultimate termination) supports the retaliation claim.

Because fact issues remain on all of the issues presented in the parties' respective motions for summary judgment, the motions are DENIED.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **20th** day of September, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record