UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-23018-CIV-O'SULLIVAN
[CONSENT]

ANGEL R. CABALLERO, FELIX
O. BALAN and all other similarly situated,

    Plaintiffs,

v.

SUM YUM GAI, INC., CHI-KIN LI,

    Defendants.
_____/

## ORDER

THIS MATTER comes before the Court on the Plaintiffs' Motion for Imposition of Liquidated Damages (DE# 105, 1/13/11). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion for Imposition of Liquidated Damages (DE # 105, 1/13/11) is **GRANTED** for the reasons set forth below.

## BACKGROUND

After several days of trial, a jury returned a verdict in favor of the plaintiffs on their overtime claims and in favor of the defendants on the plaintiff Caballero's retaliatory discharge and minimum wage violations claims (DE# 100, 1/06/11). A Final Judgment was entered in favor of the plaintiff Caballero in the amount of $1,879.21 on his claim for overtime wages and in favor of the plaintiff Balan in the amount of $2,795.24 on his claim for overtime wages (DE# 104, 1/07/11).

1

The plaintiffs filed the instant Motion for Imposition of Liquidated Damages. (DE# 105, 1/13/11). As the prevailing party under the Fair Labor Standards Act ("FLSA"), the plaintiffs request that the jury's award ($1,879.21 in favor of plaintiff Caballero and $2,795.24 in favor of plaintiff Balan) be liquidated and doubled. The defendants filed a Response in Opposition to Plaintiffs' Motion for Imposition of Liquidated Damages (DE# 109, 1/29/11). The defendants assert that they showed the requisite good faith and request that the Court exercise its discretion to deny liquidated damages against them. The plaintiffs filed a Reply to Response (DE# 110, 2/01/11).

## **DISCUSSION**

The parties agree on the applicable law regarding imposition of liquidated damages in an FLSA case. "Any employer who violates the provisions of section 206 [minimum wages] or section 207 [overtime wages] of this title <u>shall be liable</u> to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added). <u>See</u> <u>Rodriguez v. Farm Stores Grocery, Inc.</u>, 518 F.3d 1259, 1272 (11th Cir. 2008). "In any action . . . to recover . . . unpaid overtime compensation, or liquidated damages, under the [FLSA] . . ., if the employer shows to the satisfaction of the court that the act of omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA] . . . , the court may, in its sound discretion, award no liquidated damages or award any amount thereof . . . ." 29 U.S.C. § 260. "Before a district court may exercise its discretion to award less than the full amount of liquidated damages, it must

2

explicitly find that the employer acted in good faith." C.D. Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir. 1987).

Both parties concede that "[a]n employer who seeks to avoid liquidated damages bears the burden of proving that its violation was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict." Joiner, 814 F.2d at 1539 (citations and internal quotation marks omitted). The defendants in this case bare the burden of showing good faith. See Dybach v. State of Florida Department of Corrections, 942 F.2d 1562, 1566 (11th Cir. 1991). To satisfy the good faith requirement, an employer must show that it acted with both objective and subjective good faith. Farm Stores Grocery, Inc., 518 F.3d at 1272.

Subjective good faith is satisfied when the employer shows it possessed "an honest intention to ascertain what [the Act] requires and to act in accordance with it". Dybach, 942 F.2d at 1566 (citations omitted). In their response, the defendants rely on Kennedy v. Critical Intervention Services, Inc., 199 F. Supp. 2d 1305 (M.D. Fla. 2002). In Kennedy, the court found that the employer possessed the requisite subjective good faith (but not the objective good faith) where the employer sought and obtained actual legal advice regarding compensation under the FLSA. Id. at 1307. In the instant case, there is no mention of seeking legal advice on the part of the defendants in their pleadings. However, the defendants state that they have satisfied the subjective good faith requirement with regard to plaintiff Caballero (DE # 109 at 7, 01/29/2011). The defendant, Chi-Kin Li, by virtue of his experience as a server, was aware of potential complications regarding compensating servers. (DE # 109 at 7). The defendants state that they tried to do what was the most reliable way to ensure a payment of minimum wages to the servers - including the

3

mandatory service fee in the bill. Id.  According to the defendants' post-trial calculations, on some occasions Caballero's hourly wages were substantially higher than the applicable minimum wages (for example, $14.41/hr, see DE# 109-1 at 9), while the underpaid wages for overtime totaled less than $20.00.[1] The Court finds that the defendants possessed the requisite subjective good faith with regard to plaintiff Caballero.

The defendants contend that they were confused about the applicable rates for plaintiff Balan due to inconsistencies in the provisions of Florida's minimum wage law and the applicable federal rates under the FLSA. (DE# 109 at 10). Mr. Balan's wages were properly calculated for 2005, but the defendants admittedly failed to recalculate the wages in subsequent years. (DE # 109 at 5). In this case, the defendants' experience in the industry should have made them aware of the annual changes in minimum wage and overtime wages and other compensation issues. A failure to ascertain an applicable minimum wage rate and to recalculate the plaintiff's wages contradicts a finding of subjective good faith. Furthermore, such ignorance or confusion of the law does not refute lack of good faith. See Barcellona v. Tiffany English Pub, 579 F.2d 464, 469 (5th Cir. 1979)[2] (stating that "[e]ven inexperienced businessmen cannot claim good faith when they blindly

---

[1] The fact that the unpaid overtime wages may have totaled less than $20.00 is considered only for the purposes of approximating the subjective state of mind of the defendants.  Although the plaintiff may have been compensated above and beyond the minimum wage and overtime wages required by law, this fact is not determinative in finding objective good faith. Regardless of how small the violation is, the applicable law focuses on the affirmative actions taken by the employer to ascertain and follow the standards set out in the FLSA in the instances where the standards were violated. See Dybach, 942 F.2d at 1567.

[2] In Bonner v. City fo Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit that were rendered prior to October 1, 1981.

operate a business without making an investigation as to their responsibilities under the labor laws.") The Court finds that the defendants failed to satisfy the subjective good faith requirement with regard to plaintiff Balan.

Even if the subjective good faith requirement was satisfied, the defendants must also demonstrate objective good faith. See Dybach, 942 F.2d at 1567. This standard is satisfied if the employer had reasonable grounds for believing that its conduct comported with the FLSA and took affirmative steps to investigate and ensure that the payment of wages was in conformity with the federal wage laws. Id. See also Barcellona, 597 F.2d at 469 (5th Cir. 1979) (explaining that good faith "requires some duty to investigate potential liability under the FLSA") (citation omitted). The defendants claim that they satisfied good faith by consulting an accountant as to the most reliable way to compensate the employees. (DE # 109 at 8).

In Cooper v. Fulton County, 458 F.3d 1282, 1287 (11th Cir. 2006), the court affirmed an award of liquidated damages due to lack of objective good faith where the employer failed to consult with an attorney, or contact the Department of Labor ("DOL") or to review any of the DOL's advisory opinions prior to wrongfully terminating an employee. Id. In Reyes v. Falling Store Enterprises, Inc., 2006 WL 1319418, at *3 (M.D. Fla. May 11, 2006), the court found that the defendant possessed requisite objective good faith due to reliance on the advice provided by the company the defendant hired to handle its payroll. Id. Unlike Cooper and Reyes, in the instant case the defendants failed to take sufficient affirmative steps to ascertain the applicable law by only consulting an accountant. Furthermore, in Bozeman v. Port-O-Tech Corp., 2008 WL 4371313, at 16 (S.D. Fla. Sep. 19, 2008), cited by the defendants, the court concluded that "defendants have failed to make the showing

necessary to enable the Court to consider awarding anything less than liquidated damages." Similarly, the defendants do not state that they have consulted a labor and employment attorney, the DOL or a payroll specialist. Consequently, the imposition of liquidated damages is mandatory. Dybach, 942 F.2d at 1567 (citation omitted); Joiner, 814 F.2d at 1539 (citation omitted).

Confusion of law or applicable minimum wage rate does not constitute objective good faith. "[A]n employer may [not] rely on ignorance alone as reasonable grounds for believing that its actions were not in violation of the Act." Barcellona, 597 F.2d at 468.  In Joiner, the court addressed the situation where an exempt employee was no longer exempt from the FLSA requirements due to an amendment of the law.  Joiner, 814 F.2d at 1539. The court held that from that day forward the city could not reasonably and in good faith believe that the FLSA requirement did not apply, and, therefore, the imposition of liquidated damages was mandatory. Id.

Liquidated damages under 29 U.S.C. §216 (b) are mandatory absent a showing of good faith. Joiner, 814 F.2d 1539 (citing EEOC v. First Citizen Bank of Billings, 758 F.2d 397, 403 (9th Cir. 1985), cert. denied, 474 U.S. 902 (1985)). The defendants failed to satisfy at least the objective good faith standard with regard to both plaintiffs. The Plaintiffs' Motion for Imposition of Liquidated Damages (DE# 105, 1/13/11) is **GRANTED**.  The jury's award is liquidated and doubled for a total of $3,758.42 for plaintiff Caballero and $5,590.48 for plaintiff Balan.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **28th** day of February, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record