UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-23018-CIV-O'SULLIVAN

[CONSENT]

ANGEL R. CABALLERO, FELIX
O. BALAN and all others similarly situated,

    Plaintiffs,
v.

SUM YUM GAI, INC. and CHI-KIN LI,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on the plaintiffs' Verified Motion for Attorney Fees and Costs Pursuant to 29 U.S.C. § 216(b) and Local Rule 7.3 (DE # 111). Having carefully considered the pertinent filings, the record and the applicable law, the plaintiffs' motion is **GRANTED in part and DENIED in part** as described more fully below.

## BACKGROUND

The plaintiffs filed an action alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-216. Having prevailed on their overtime claims, the plaintiffs moved for attorneys' fees and costs under 29 U.S.C. § 216(b). 29 U.S.C. § 216(b) requires payment of reasonable attorneys' fees and costs of the action to the prevailing plaintiff.

On February 16, 2011, the plaintiffs filed their Verified Motion for Attorney Fees and Costs Pursuant to 29 U.S.C. § 216(b) and Local Rule 7.3. (DE # 111.) The

1

plaintiffs' motion appears to be seeking reimbursement for approximately $66,382.50[1] in attorneys' fees and approximately $5,036.00[2] in costs. *Id.* at 4. The defendants filed a response on March 15, 2011 objecting to the plaintiffs' motion for fees and costs on a number of grounds. (DE # 50.) The defendants argue that most of the time expended by the plaintiffs' counsel in this matter was unreasonable and unnecessary and suggests that the case was prolonged due to the plaintiffs' counsel's inattention to the

---

[1] On page 3 of the instant motion for fees and costs, the plaintiffs indicate that the total amount claimed for attorneys' fees is $65,657.50. (DE # 111 at 3.) On page 4 of the instant motion, the plaintiffs indicate that the total fees requested is $66,382.50 plus fees for additional attorney time needed to reply to the defendants' response to the motion for fees and reply to the defendants' response to the motion for liquidated damages. (DE # 111 at 4.) The plaintiffs' attorneys' billing records submitted to the Court indicate that attorneys' fees incurred from October 23, 2008 through February 1, 2011 equal $66,382.50 and show that the $66,382.50 includes $725.00 in fees associated with drafting the reply to the motion for liquidated damages. (DE # 111-1 at 7-8.) The plaintiffs' reply to the motion for fees and costs seeks an additional $910.00 in attorneys' fees for time associated with drafting that reply. (DE # 117 at 7.)

[2] On page 3 of the instant motion for fees and costs, the plaintiffs indicate that the total amount of costs claimed is $5,210.00. (DE # 111 at 3.) However, on page 4 of the instant motion, the plaintiffs indicate that the requested costs total $5,036.00. *Id.* at 4. The attorneys' billing records submitted to the Court indicate that the sum of the costs incurred is $5,036.00. (DE # 111-1 at 8.) However, the documentation substantiating the plaintiffs' request for costs add up to $4,671.00. (DE # 111-2 at 1-11.) The plaintiffs did not submit documentation for the $350.00 filing fee for the complaint and the $70.00 incurred for initial service upon the defendants. Adding $70.00 and $350.00 into $4,671.00 brings the total costs to $5,091.00. The affidavit of the plaintiffs' process server attests to serving ten witness subpoenas at the rate of $35.00 per subpoena and serving ten $40.00 witness checks whereas the attorneys' fee report indicates that nine witness subpoenas were served and nine witness fee checks were delivered. (DE # 111-1 at 7; DE # 111-2.) Therefore, if $75.00 for the additional witness is subtracted from $5,091.00, it equals $5,016.00. There was an error in entry # 15069 of the attorney billing records where an additional $20.00 in costs was incorrectly included. (DE # 111-1 at 7.) If the $20.00 is added to $5,016.00, the sum is $5,036.00, the amount sought by the plaintiffs in the submitted attorney billing records and page 4 of the motion for fees. It is unclear to the Court how the plaintiffs arrived at $5,210.00 in costs requested on page 3 of their motion.

case.  (DE # 116 at 6.)  The defendants also set out objections to a number of specific attorney time entries, the hourly rates of the plaintiffs' counsel and certain costs.  *Id.* at 7-13.  The plaintiffs filed a reply on March 17, 2011.  (DE # 117.)  The plaintiffs' reply seeks an additional $910.00 in fees for attorney time spent in reviewing the defendants' response to the plaintiffs' motion for fees and costs and drafting the reply which brings the total attorneys' fees request to approximately $67,292.50.[3]  (DE # 117 at 7.)

## ANALYSIS

### I. Attorneys' Fees

The methodology to determine reasonable attorneys' fees begins with a calculation of the "lodestar," which is the product of the reasonable hourly rate multiplied by the reasonable number of hours expended.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The resulting fee carries a "strong presumption" that it is reasonable.  *Blum v. Stevenson*, 465 U.S. 886, 897 (1984).  This lodestar amount may then be adjusted upward or downward based upon other considerations.  *Hensley*, 461 U.S. at 463-37.  The plaintiffs bear the burden of documenting the reasonable hours expended and the reasonable hourly rates.  *A.C.L.U. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988)).

### A. Reasonable Hourly Rate

A reasonable hourly rate is the prevailing market rate in the relevant legal

---

[3] In the plaintiffs' reply, the plaintiffs seek attorneys' fees for 2.8 hours of attorney time at an hourly rate of $325 which comes to $910.00.  (DE # 117 at 7.)  The sum of $66,382.50 sought in the motion for fees and costs and $910.00 sought in the reply is $67,292.50.

community for similar services by attorneys with reasonably comparable skills, experience and reputation. *Norman*, 836 F.2d at 1299 (citing *Blum*, 465 U.S. at 895-96 & n.11; *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985)). The plaintiffs bear the burden of producing satisfactory evidence that the requested rates are in line with the prevailing market rates. *See Norman*, 836 F.2d at 1299 (citing *N.A.A.C.P. v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987)). The hourly rates requested are as follows: $325.00 for attorney J.H. Zidell, $300.00 for attorney David Kelly, $175.00 for attorney Daniel Feld and $150.00 for attorney Isaac Mamane. (DE # 111 at 4.) The plaintiffs list cases in which their attorneys served as counsel and the hourly rates awarded in those cases. *Id.* The defendants object to the plaintiffs' requested hourly rates and argue that the requested rates have not been regularly accepted in this district. (DE # 116 at 7.) The Court may use its own experience in assessing the reasonableness of attorneys' fees and may form an independent judgment either with or without witnesses. *Norman*, 836 F.2d at 1299. The Court finds that the requested hourly rates are reasonable.

B. <u>Reasonable Number of Hours Expended</u>

The Court must next evaluate the plaintiffs' requested fees for reasonableness in terms of the total hours expended by the plaintiffs' counsel. The Court should exclude from the fees award compensation for hours that are "excessive, redundant or otherwise unnecessary." *Norman*, 836 F.2d at 1301 (quoting *Hensley*, 461 U.S. at 434). The Court may determine a reasonable award based on its own experience. *Norman*, 836 F.2d at 1303. The burden rests on the plaintiffs to submit a request for

4

fees that will enable the court to determine what time was reasonably expended. *Loranger v. Stierheim*, 10 F.3d 776, 782 (11th Cir. 1994). The plaintiffs submitted a report compiling the billing entries of the four attorneys who worked on this case from October 23, 2008 through February 1, 2011 which specifies the date, time spent, subject matter and the identity of the attorney.[4]  (DE # 111-1.) It appears from a review of the submitted billing entries that the plaintiffs request compensation for 255.8[5] hours of attorneys' time which break down as follows: 123.1 for attorney J.H. Zidell; 37 hours for attorney David Kelly; 73.2 hours for attorney Daniel Feld; and 22.5 hours for attorney Isaac Mamane. *Id.*

The defendants argue that the plaintiffs' counsel did not exercise "billing judgment" in this case and that prevailing on two out of four claims is not a basis to award the plaintiffs over $66,000.00 in fees. *Id.* at 10. The defendants argue that fees that are nine times greater than the amount the plaintiffs were collectively awarded are improper and beyond the range of reasonableness. *Id.* at 11. The defendants argue that given the unnecessary expenditure of time caused by the plaintiffs' counsel, the Court should not award fees in excess of a sum equal to 40% of the amounts awarded to the plaintiffs by the jury and the Court as liquidated damages. *Id.*

The defendants object to specific billing entries of the plaintiffs' counsel and those objections are as follows:

---

[4] However, the report does not give a break down of the number of hours spent by each attorney nor indicates the total number of hours for which attorneys' fees are sought.

[5] This sum includes the 2.8 hours sought for attorney J.H. Zidell's time spent preparing the plaintiffs' reply. (DE # 117 at 7.)

A. Billing for preparation and service of discovery with the complaint when the rules prohibit propounding discovery prior to the exchange of mandatory disclosure.

B. Inclusion of time for clerical work such as preparation of subpoenas and notices of depositions.

C. Billing for duplicative or unnecessary services. On January 30, 2009, Mr. Zidell billed 2.1 hours to review file and conduct a meeting in preparation of settlement conference. However, Mr. Zidell did not attend the settlement conference.

D. The entry on February 6, 2009 for Mr. Zidell spending 2.2 hours reviewing the file for the upcoming deposition of the defendants' employees. Mr. Zidell did not depose the defendants and did not attend that deposition. The deposition took place on February 9, 2009 and Mr. Kelly attended and billed 2.2 hours.

E. On May 1, 2009, 0.5 hours are billed for Mr. Zidell reviewing the file for an up-coming deposition. Mr. Kelly conducted that deposition and it only lasted 1.8 hours.

F. On May 8, 2009, Mr. Zidell is identified as reviewing the file in connection with the defendant's accountant's deposition. Mr. Kelly deposed the accountant and billed for 0.5 hours.

G. There is an entry for 4.9 hours on May 25, 2009 by Mr. Zidell for reviewing the file and preparing for the plaintiffs' deposition. Mr. Mamane also billed 2.3 hours on that day to prepare the plaintiffs for their deposition. Mr. Zidell did not attend the deposition and Mr. Mamane excessively billed 8 hours of "portal-to-portal time" in connection with that deposition.

H. The time spent by the plaintiffs' counsel regarding the motions for summary judgement during the period from September 16, 2009 through October 16, 2009 is excessive, redundant, and duplicative.

I. During the period of October 7, 2009 through October 12, 2009, 8.5 hours are billed in connection with Mr. Caballero's "updated deposition." Mr. Caballero, however, was not deposed at any time during October 2009.

J. The time billed for preparing jury instructions is duplicative and excessive. Entries for jury instructions are made during October 2009 and again in December 2010. However, the plaintiffs' counsel uses boiler-plate proposed instructions in all of their cases.

K. The time billed for Mr. Feld attending trial is unnecessary, duplicative and

excessive.  Mr. Zidell appeared, attended and represented both plaintiffs throughout the trial.

L. The December 29, 2010 entry for 2 hours by Mr. Feld for "portal to portal inspection at defense counsel's office" is grossly excessive.  Defense counsel was advised that Mr. Feld was already in the downtown area for another matter and would arrive to inspect the documents.  Mr. Feld remained in the defense counsel's office for no more than 30 minutes and during that time, copies of approximately 20 pages were provided to him as requested.

M. The pretrial preparation time from December 30, 2010 through December 31, 2010 is excessive and redundant.  During that period, Mr. Kelly and Mr. Zidell are each billing for reviewing the already prepared and agreed upon pretrial stipulation and the plaintiffs' boiler plate jury instructions.  The drafting of a verdict form is excessive since the verdict form was essentially the plaintiffs' counsel's standard verdict form.

N. Mr. Zidell billing 4.6 hours on December 31, 2010 to review summaries that came from defense counsel's office is grossly excessive given that Mr. Feld only requested about 20 pages.

(DE # 116 at 7-10.)

The plaintiffs argue that given the nature of FLSA cases, it is not uncommon for attorneys' fee requests to exceed the amount of judgment in the case.  (DE # 117 at 3.) The plaintiffs also argue that their overtime, minimum wage and retaliation claims are inextricably intertwined and inter-related which makes the time spent on all their claims compensable pursuant to *Hensley v. Eckerhart*, 461 U.S. 424 (1983).  (DE # 117 at 2.) With respect to the defendants' specific billing entry objections C through H, the plaintiffs argue that an attorney not personally attending a hearing, deposition or settlement conference does not mean that preparation and review by that attorney are not necessary and that the attorney time spent was necessary to effectively represent the plaintiffs in this case.  *Id.* at 4.  With respect to billing entry objection I, the plaintiffs indicate that there was a typographical error and that the 3.2 hours entered for October

7, 2009 should have been entered for October 7, 2010. *Id.* The plaintiffs point out that the defendants incorrectly added the time entries for October 7, 2009 through October 12, 2009 as 8.5 hours have not been billed for preparation of Caballero's updated deposition during that time period. *Id.* The plaintiffs argue that the time billed for jury instruction preparation was not excessive as indicated in the defendants' billing entry objection J. *Id.* The plaintiffs' counsel report 5.6 hours in October of 2009 and December of 2010 as time associated with jury instructions preparation. (DE # 111-1 at 4-6.) With respect to the defendants' billing entry objection K, the plaintiffs argue that Mr. Feld's and Mr. Zidell's time was necessary for a thorough presentation of the plaintiffs' case to the court and jury. (DE # 117 at 4.) With respect to the defendants' billing entry objection L, the plaintiffs argue that the defendants' counsel is confusing two separate occasions where Mr. Feld traveled to defense counsel's office to inspect documents. *Id.* at 5. With respect to the defendants' billing entry objections M and N, the plaintiffs argue that the time spent on pretrial preparation on December 30, 2010 through December 31, 2010 and the 4.6 hours spent reviewing summaries from defense counsel's office were not excessive but necessary to properly represent the plaintiffs in this case. *Id.*

The Court finds that the plaintiffs' minimum wage claims are intertwined with the plaintiffs' overtime claims and that the plaintiffs should be awarded the full fees incurred for the minimum wage claims. *See Hensley*, 461 U.S. at 438 ("Given the interrelated nature of the facts and legal theories in this case, the District Court did not err in refusing to apportion the fee award mechanically on the basis of respondents' success

8

or failure on particular issues."); *Norman*, 836 F.2d 1302 ("It is improper to make the reduction based on a simple ratio of successful issues to issues raised." (citations omitted)). However, the Court finds that the plaintiffs' retaliation claims are intertwined with the plaintiffs' overtime claims in part but are distinct in some respects, thus a reduction in fees by 15 percent is appropriate for the retaliation claims. *See Hensley*, 461 U.S. at 436-40 ("The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. . . . [W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained."). The Court finds that a further reduction by 20 percent is appropriate for excessive billing. *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) ("When a district court finds the number of hours claimed is unreasonably high, the court . . . may reduce the requested hours with an across-the-board cut." (citing *Loranger*, 10 F.3d at 783).

In sum, the plaintiff's request for $67,292.50 in attorneys' fees is first reduced by 15 percent for the retaliation claims and then by another 20 percent for excessive billing which brings the total fees award to $45,758.90.

**II. Costs**

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." A "prevailing party" for purposes of the rule, is a party in whose favor judgment is rendered. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). This means the party who won at

the trial level, whether or not that party prevailed on all issues and regardless of the amount of damages awarded. *Id.* The plaintiffs prevailed in the present case on their overtime claims and are entitled to receive all costs that are recoverable under 28 U.S.C. § 1920. Specific costs which may be awarded are set forth in 28 U.S.C. § 1920, which states that a judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under § 1923 of title 28;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of title 28.

28 U.S.C. §1920. In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs. However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. *See E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). The plaintiffs have the burden of submitting a costs request that will allow the Court to determine which costs were incurred and whether the plaintiffs are entitled to them. *See Lee v. American Eagle Airlines, Inc.*, 93 F. Supp. 2d

1322, 1335 (S.D. Fla. 2000) (citing *Loranger*, 10 F.3d at 7824).

A. Fees of the Clerk

The plaintiffs seek $350.00 for fees of the Clerk.  (DE # 111 at 5.)  The defendants do not object to these fees.  (DE # 116 at 12.)  The plaintiffs are awarded the requested $350.00 in filing fees.

B. Fees for Service of Summons and Subpoenas

The plaintiffs request $350.00[6] in fees for service of subpoenas and $70.00 in fees for the initial service upon the two defendants.  (DE # 111-1 at 7; 111-2 at 1.)  The defendants do not object to the $70.00 incurred for initial service upon the defendants and also do not object to service fees for five of the deposition subpoenas but the defendants object to the subpoena fees for South Eastern Food Supplies, L & M Foods, Inc., Two L & H, LLC and Wing Li because they were never deposed.  (DE # 116 at 12.)  The plaintiffs submitted the affidavit of their process server, Perry Perang attesting to the service of the ten witness subpoenas at the rate of $35.00 each upon the following: (1) corporate representative of South Eastern Food Supplies; (2) corporate representative of L & M Foods, Inc.; (3) William Lee; (4) Xiao Qiu; (5) Guan Wing; (6) Guang Cui; (7) Hong Fa Guan; (8) Two L & H, LLC; (9) Wen Fa Guan; and (10) Wing Li.  (DE # 111-2 at 1.)  These costs are permitted under 28 U.S.C. § 1920 and the

---

[6] Entry numbers 15121 and 15122 of the plaintiffs' billing report submitted to the Court reflect that expenses were incurred for service upon nine witnesses at a rate of $35.00 per witness.  (DE # 111-1at 7.)  However, the affidavit of the plaintiffs' process server indicates that he served ten witnesses at a rate of $35.00 per witness.  (DE # 111-2.)

11

plaintiffs are awarded the requested $420.00 in service fees.

C. <u>Fees for Transcripts Necessarily Obtained for Use in the Case</u>

The plaintiffs seek $761.00 for fees associated with obtaining deposition transcripts. (DE # 111-2 at 7-10.) The defendants object to this request on the grounds that the court reporter invoices do not indicate that deposition transcripts were delivered to the plaintiffs' counsel and that the invoices do not indicate which witnesses were deposed. (DE # 116 at 13.). The plaintiffs indicate that the submitted court reporter invoices are related to the depositions of the defendants' suppliers, fact witnesses and other employees who have worked for the defendants and have knowledge of the hours worked by the plaintiffs. (DE # 117 at 6.) The plaintiffs are entitled to these fees under 28 U.S.C. § 1920 and are awarded the requested $761.00.

D. <u>Witness Fees</u>

The plaintiffs seek $400.00 in witness fees. (DE # 111-2 at 1.) The defendants object to the witness fees on the ground that there is no documentation or evidence that the witness fees were paid. (DE # 116 at 12.) The plaintiffs submitted the affidavit of their process server, Perry Perang attesting to delivering $40.00 witness fee checks to the following: (1) corporate representative of South Eastern Food Supplies; (2) corporate representative of L & M Foods, Inc.; (3) William Lee; (4) Xiao Qiu; (5) Guan Wing; (6) Guang Cui; (7) Hong Fa Guan; (8) Two L & H, LLC; (9) Wen Fa Guan; and (10) Wing Li. (DE # 111-2 at 1.) The plaintiffs are entitled to the witness fees under 28 U.S.C. § 1920 and are awarded the requested $400.00.

E. Compensation of Interpreters

The plaintiffs seek a total of $2,910.00 in interpreter fees. (DE # 111-2 at 3-6.) At trial, a total of $2,940.00 was incurred for a Cantonese interpreter and a total of $1,800.00 was incurred for a Spanish interpreter. (DE # 111-2 at 3-4.) Pursuant to the parties' agreement, each party paid one-half of the interpreter fees incurred at trial. The plaintiffs now seek to recoup their one-half share of the interpreter fees incurred at trial, $1,470.00 for the Cantonese interpreter and $900.00 for the Spanish interpreter.[7] *Id.* The plaintiffs also seek the $300.00 incurred for a Cantonese interpreter at a February 9, 2009 deposition and the $240.00 incurred for a Cantonese interpreter at a June 2, 2009 deposition. *Id.* The defendants do not object to the interpreter fees incurred at the depositions but object to the interpreter fees incurred by the plaintiffs at trial. (DE # 116 at 12.) The defendants argue that trial was wholly unnecessary in this case and that they already paid for half of the interpreter fees incurred at trial pursuant to the parties' agreement. *Id.* Therefore, the defendants argue that they should not have to pay all of the interpreter costs incurred at trial. *Id.* The plaintiffs are entitled to compensation of interpreters under 28 U.S.C. § 1920 and are awarded the requested $2,910.00.

F. Mediation Costs

The plaintiffs seek $250.00 in mediation costs. (DE # 111-2 at 11.) The defendants object to this request as being beyond the scope of 28 U.S.C. § 1920. (DE

---

[7] There is an error in entry # 15069 of the plaintiffs' submitted fees report. (DE # 111-1 at 7.) It indicates that the sum of $1,470.00 and $900.00 is $2,390.00 where it should say $2,370.00.

# 116 at 13.)  The plaintiff's request for mediation costs is denied because it is not recoverable under 28 U.S.C. § 1920.  *See Reis v. Thierry's, Inc.*, No. 08-20992-CIV-Turnoff, 2010 WL 1249076, at *3 (S.D. Fla. Mar. 25, 2010) ("Indeed, mediation costs are not recoverable under § 1920.  Local Rule 16.2.B.7 provides that, '[a]bsent agreement of the parties to the contrary, the cost of the mediator's services shall be borne equally by the parties to the mediation conference.'").

In sum, the plaintiffs' request for costs is granted with the exception of the $250.00 in mediation costs.  Accordingly, the plaintiffs are awarded costs in the amount of $4,841.00.

## CONCLUSION

In accordance with the above and forgoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Verified Motion for Attorney Fees and Costs Pursuant to 29 U.S.C. § 216(b) and Local Rule 7.3 (DE # 111) is **GRANTED in part and DENIED in part.**  The plaintiffs are awarded **$45,758.90** in attorneys' fees and **$4,841.00** in costs for a total award of **$50,599.90**.[8]

DONE AND ORDERED in Chambers at Miami, Florida this 3rd day of May, 2011.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record

---

[8] The defendants requested a hearing in connection with the plaintiffs' motion for fees and costs.  (DE # 118.)  However, due to the Court's familiarity with the case, a hearing was not necessary.